UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO V. BRIDGES,

        Plaintiff,

v.
                                    Case No.  2:23-cv-11772
                                    Honorable F. Kay Behm

RAYMOND BARNES,

        Defendant.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT WITH PREJUDICE

This is a *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Michigan prisoner Antonio V. Bridges, presently confined at the Parnall Correctional Facility in Jackson, Michigan, sues defendant Michigan Department of Corrections Classification Director Raymond Barnes for alleged violations of his Fourteenth Amendment due process rights for requiring him to complete sex offender training and register as a sex offender as a condition of his parole. Plaintiff sues defendant Barnes in his official capacity for injunctive relief. As discussed below, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. Plaintiff will also be denied leave to appeal *in forma pauperis* because an appeal from this decision cannot be taken in good faith.

I.

Bridges has been granted *in forma pauperis* status. (ECF No. 7.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II.

Bridges' complaint asserts that defendant Barnes violated his Fourteenth Amendment due process rights by classifying him for the Michigan Sexual Abuse Prevention Program (MSAPP)[1] and labelling him as a sex offender even though his prior conviction, which contained an underlying sex offense had been "discharged and served." (ECF No. 1, PageID.3.) Bridges claims that on April 7, 2023,

---

[1] The Michigan Sex Offender Program has been renamed the Michigan Sexual Abuse Prevention Program.

3

defendant classified him for the sex offender program based on a 2010 third-degree home invasion conviction for which his sentence had been served. He claims that because he is currently serving time for a "non-sexual offense," he should not be classified as a sex offender. (*Id*.) Bridges seeks injunctive-type relief requesting that the Court order the Michigan Department of Corrections (MDOC) to require a due process hearing prior to requiring a prisoner who has not been convicted of a sex offense to register for sex offender programs.

The Court notes that this is not Bridges' first civil rights complaint addressing this issue.[2] The Court takes judicial notice that in 2020, Plaintiff filed a similar action in the Western District of Michigan against defendants Michigan Parole Board and the Director of the Michigan Department of Corrections.[3] *Bridges v. Michigan Parole Bd. Members*, No. 1:20-CV-1138, 2020 WL 7021563 (W.D. Mich. Nov. 30, 2020). In that case, Bridges argued that the Michigan Parole Board's requirement that he complete the Michigan Sex Offender Program (MSOP) before it would grant him parole violated his Fourteenth Amendment

---

[2] Bridges also filed numerous habeas petitions in the U.S. District Court for the Western District of Michigan, one contending that he was denied due process because the parole board required him to complete the Michigan Sex Offender Program when the criminal sexual conduct charge was dismissed. The district court dismissed the petition on the basis that Bridges failed to demonstrate a due process violation. *See Bridges v. Rewerts*, No. 1:20-CV-1130, 2020 WL 6937789 (W.D. Mich. Nov. 25, 2020).

[3] The Court takes judicial notice of Bridges' 2020 civil rights complaint and the resolution of the case because the complaint raised a similar claim against similar defendants. *See Taylor v. United States*, 161 F. App'x 483, 486 (6th Cir. 2005) (concluding that it was not reversible error for the district court to take judicial notice of a prior case when the complaint contained similar claims filed against similar defendants).

4

rights because he was not a convicted sex offender. *Id*. at *3. He sought injunctive relief requiring the Parole Board and the Director of the Michigan Department of Corrections to remove his sex-offender designation and the requirement that he complete MSOP in order to be eligible for parole. The district court dismissed the case on the basis that Bridges did not have a liberty interest in being paroled under Michigan law; that he failed to establish a procedural due process violation concerning his requirement to complete MSOP because he had pleaded guilty to assault with the intent to commit a felony; for which the sexual assault admitted to in his 2004 plea was the underlying felony, and that he had not adequately pleaded a substantive due process violation. *Id*. at *3-6. The Court found that Bridges alleged "nothing to support the inference that he did not receive the process he was due" because he "enjoyed all of the necessary procedural protections when he entered his plea." *Id*. The Sixth Circuit affirmed the district court's decision. *See Bridges v. Michigan Parole Bd. Members*, No. 20-2224 (6th Cir. June 22, 2021) (Order).

As his prior cases, some procedural history is necessary to understand Bridges' present claim. The Sixth Circuit summarized Bridge's criminal procedural history as follows:

> On April 29, 2004, Bridges pleaded no contest to a charge of assault with intent to commit a felony, in violation of Mich. Comp. L. § 750.87. In exchange for his plea, additional charges of second-degree criminal sexual conduct and home invasion were dismissed. The

5

factual basis for his plea, accepted without objection from Bridges, involved testimony from the victim and her housemates that Bridges put his hand down the pants of and kissed an unconscious woman on the living-room couch of her home after entering without permission. The United States District Court for the Eastern District of Michigan granted a conditional writ of habeas corpus on this conviction due to appellate counsel's failure to file a timely application for leave to appeal, and it ordered the Michigan courts to appoint counsel for Bridges and to accept his appeal for filing. Bridges then moved to withdraw his plea in the trial court, but before that issue could be adjudicated, he agreed to enter a no-contest plea for the third-degree home-invasion charge in exchange for the dismissal of the assault charge. *See* Mich. Comp. Laws § 750.110a(4)(a).

In 2015, Bridges pleaded guilty to three counts of false pretenses, in violation of Michigan Compiled Laws § 750.218(4)(a). The trial court sentenced him to two years and six months to ten years of imprisonment. Bridges alleged that he was paroled on January 30, 2019, but he was subsequently charged with new counts of obstructing a police officer and fourth-degree criminal sexual conduct. He pleaded guilty to attempted resisting and obstructing a police officer, and the criminal-sexual-conduct charge was dismissed. This conviction led the Parole Board to find him guilty of violating his parole and issuing the requirement that he must complete MSOP in order to be paroled again.

*See id*. at 1-3.

## III.

At bottom, Bridges now argues that he is entitled to an administrative hearing prior to being enrolled in sex offender programming and being classified as a sex offender. He further claims that he is not currently serving any sentence

6

based on any sex-offense conviction and, therefore, should not have to complete the MSAPP or register as a sex offender to be eligible for parole. The Court concludes that his complaint fails to state a claim.

Bridges fails to adequately plead a procedural-due-process violation because his criminal history supports his enrollment in MSAPP and classification as a sex offender. A prisoner may be deprived of his liberty under the Fourteenth Amendment such that due process is required in two contexts: (1) when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court; or (2) when the state has consistently bestowed a certain benefit to prisoners, usually through statutory or administrative policy, and the deprivation of that benefit imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). The Sixth Circuit has suggested, but not held, that a prisoner may have a liberty interest in not being labeled a sex offender and therefore is entitled to adequate process due to the stigma attached to such a classification. *See Harper v. Arkesteyn*, No. 19-1928, 2020 WL 4877518, at *3 (6th Cir. Apr. 28, 2020) (order); *see also Renchenski v. Williams*, 622 F.3d 315, 326 (3d Cir. 2010); *Kirby v. Siegelman*, 195 F.3d 1285, 1291-92 (11th Cir. 1999) (per curiam); *Neal v. Shimoda*, 131 F.3d 818, 829-30 (9th Cir. 1997).

Assuming such a liberty interest exists, Bridges fails to show that he is entitled to due process because his criminal history includes sex offenses. In 2004,

Bridges pleaded *nolo contendere* to a charge of assault with intent to commit a felony in exchange for dismissal of home invasion and CSC-II charges. The factual basis for his plea, accepted without objection from Bridges, involved testimony from the victim and her housemates that Bridges put his hand down the pants of and kissed an unconscious woman on the living-room couch of her home after entering without permission. Although Bridges' conviction had later been amended to third-degree home invasion, the sexual assault remained an element of the offense. Bridges, therefore, enjoyed all the necessary procedural protections during his criminal proceedings. Thus, to the extent Bridges is entitled to due process protection before being classified as a sex offender and placed into the MSAPP, he alleges nothing to support the inference that he did not receive the process he was due.

    Bridges reliance upon *Harper* to support his position is misplaced for similar reasons. *Harper* is distinguishable. In *Harper*, the plaintiff alleged that when he began serving a prison sentence on a non-sex crime conviction, he was improperly classified as a sex offender, and required to complete sex offender programing to be eligible for parole, in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution. *Harper,* 2020 WL 4877518, at *3. He further claimed he was entitled to an administrative hearing regarding his classification, but was never given one, in violation of his procedural and substantive due process rights. *Id.* The district court initially dismissed the case

*sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. *Harper v. Arkesteyn*, No. 2:19-CV-11106, 2019 WL 3714447, at *3 (E.D. Mich. Aug. 7, 2019). The Sixth Circuit reversed and remanded, concluding that the district court erred by dismissing the case because "the complaint contain[ed] sufficient factual matter to support a plausible claim that his procedural-due-process rights were violated when the defendants classified him as a sex offender." *Harper,* 2020 WL 4877518, at *3. Specifically, the Court considered that the plaintiff had *never* been convicted of a sex crime or accused of any sexual wrongdoing during his incarceration.[4] The Court noted that "the stigmatizing consequences of being labeled a sex offender, when coupled with mandated behavioral modification therapy, constituted the kind of deprivation of liberty that requires procedural protections." *Id*.

Unlike *Harper,* Bridges' criminal history includes a conviction based on a sex crime. As discussed, he was afforded procedural due process protections during his criminal proceedings related to that crime. He is not entitled to

---

[4] The plaintiff in *Harper* was charged in state court with six counts of CSC-III, one count of first-degree home invasion; one count of felonious assault; and one count of domestic violence. *See Harper v. Arkesteyn*, No. CV 19-11106, 2022 WL 2338578, at *1 (E.D. Mich. June 28, 2022). Pursuant to a plea agreement, prosecutors agreed to drop the CSC charges and felonious assault charge in exchange for the plaintiff pleading guilty to the home invasion and domestic violence charges. *Id*. Notably, the factual basis to support that conviction *did not* include a sex crime. The plaintiff admitted that he had entered his girlfriend's house without her permission. He admitted to screaming, pushing, and having physical contact with her upon entering the house. (ECF No. 73-3, PageID.630.) Further, the CSC charges, which were dismissed pursuant to the plea agreement, related to a separate incident that allegedly occurred later that same day at a different address. *Harper*, 2022 WL 2338578, at *2.

additional protections at this stage.  Moreover, Bridges' criminal history fits squarely into the mission of the MSAPP.  The MSAPP is designed to provide "sex offender treatment to offenders with current sex offense convictions and histories of sexual offending." *See* https://www.michigan.gov/corrections/services/msapp (last visited December 1, 2023).  Even if Bridges is not presently serving a sentence for a current sex offense conviction, he has a history of sexual offending.  The requirement that he participate in the MSAPP suggests nothing more.  Bridges' complaint based on his Fourteenth Amendment procedural due process claim will, therefore, be dismissed.

## IV.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** leave to appeal *in forma pauperis*.  An appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

Dated:  December 12, 2023

s/F. Kay Behm
F. KAY BEHM
United States District Judge